NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWJ MANAGEMENT LLC, | Civil Action No.: 14-3311 (CCC) |
| Appellant, | **OPINION** |
| v. | |
| LIBERTY HARBOR HOLDING LLC, | |
| Appellee. | |

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court upon Appellant SWJ Management, LLC's ("Appellant") appeal of the Bankruptcy Court's April 1, 2014 order dismissing Appellant's adversary proceeding with prejudice, (ECF No. 1), as well as Appellee and Debtor Liberty Harbor Holding, LLC's ("Appellee") motion to dismiss the appeal and to impose sanctions on Appellant's counsel. (ECF No. 25). The Court has considered Appellant's most recent brief in support of the appeal (ECF No. 22), as well as the materials submitted in support of and in opposition to the motion to dismiss, (ECF Nos. 25, 27, 28). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b).[1]

For the reasons set forth below, the motion to dismiss is **GRANTED**, the motion for sanctions is **DENIED** without prejudice, and the appeal is **DISMISSED** without prejudice.

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

## II.    **BACKGROUND**

Appellant filed an adversary proceeding in Appellee's Chapter 11 proceeding on February 3, 2014. (Bankr. Dkt. No. 1[2]). Briefly, the adversary complaint appears generally to concern the rightful ownership of certain real estate subject to prior litigation in the bankruptcy courts of other districts, as well as in New Jersey state court. (Id.). Appellee moved to dismiss for lack of standing and failure to state a claim. (Bankr. Dkt. No. 4, 4-1). In an order dated April 1, 2014, the Bankruptcy Court dismissed the adversary proceeding with prejudice, but did not explain the grounds for dismissal. (Bankr. Dkt. No. 10). Apparently, the Bankruptcy Court gave its reasoning for dismissal in a bench ruling on March 31, 2014 (the "Bench Ruling"). (See ECF No. 17 at 4-5). The transcript of the Bench Ruling has not been posted on the bankruptcy docket.

Appellant filed this appeal on May 21, 2014. (ECF No. 1). On June 4, 2014, Appellant moved for an extension of time to file its brief in support of the appeal, (ECF No. 6), which the Court granted on June 6. (ECF No. 9). On June 25, 2014, Appellant moved for a further extension of time, (ECF No. 10), which Appellee opposed. (ECF No. 11). On September 3, 2014, Appellee moved to dismiss the appeal as having been filed in bad faith, as well for failure to prosecute. (ECF No. 12-1). Appellee's motion noted that Appellant had failed to order a transcript of the Bench Ruling. (Id. at 4-5). On November 21, 2014, the Court "grant[ed] Appellant one final opportunity to file his brief and to arrange for a complete record . . . including requesting the transcript" of the Bench Ruling, and ordered Appellant to file its brief within ten days. (ECF No. 15). When Appellant missed this deadline, the Court dismissed the appeal "without prejudice to

---

[2] Citations to "Bankr. Dkt." are to the underlying adversary proceeding, SWJ Management, LLC v. Liberty Harbor Holding, LLC, No. 14-1204 (Bankr. D.N.J.).

Appellant requesting to reinstate the appeal" so long as "any such request . . . shall include an explanation of Appellant's delay and good cause for reinstating the appeal." (ECF No. 17 at 4-5).

Nearly a year later, on October 27, 2015, Appellant moved to reinstate the appeal, explaining that Appellant had been a debtor in its own Chapter 7 bankruptcy case in the District of Connecticut, and thus Appellant's counsel had not been able to act on Appellant's behalf in the instant appeal. (ECF No. 18). The motion did not explain why Appellant had not yet provided the transcript of the Bench Ruling. Over Appellee's objection, the Court reinstated the appeal on May 4, 2016. (ECF No. 21). On May 18, 2016, nearly two years after filing this appeal, Appellant filed its brief. (ECF No. 22). On June 20, 2016, Appellee moved to dismiss this appeal with prejudice and to impose sanctions on Appellant's counsel pursuant to 28 U.S.C. § 1927.

To this day, Appellant has not provided the Court with a transcript of the Bench Ruling.

III.   **LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8001(a) empowers the Court "to dismiss an appeal for failure to . . . follow the procedures set out in the Bankruptcy Rules[.]" In re Richardson Indus. Contractors, Inc., 189 F. App'x 93, 96 (3d Cir. 2006). In determining whether to dismiss, the Court must consider the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to [follow the rules]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. (quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)) (emphasis omitted).

Under 28 U.S.C. § 1927, the Court may impose on an attorney "excess costs, expenses, and attorneys' fees reasonably incurred" if the attorney "so multiplies the proceedings in any case

unreasonably and vexatiously." In determining whether such an imposition is warranted, the Court must "find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." In re Prosser, 777 F.3d 154, 162 (3d Cir. 2015) (internal quotation omitted).

## IV.   DISCUSSION

### A.   Dismissal of the Appeal

Appellant's repeated failure to provide the Court with the Bench Ruling transcript renders this appeal practically impossible to adjudicate. Without this transcript, the Court is unable to evaluate whether the Bankruptcy Court acted correctly in dismissing the adversary proceeding with prejudice. Nor is the Court able to discern the Bankruptcy Court's reasons for doing so by reading Appellant's brief.

Under Fed. R. Bankr. P. 8009(b), it is Appellant's duty to order "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal[.]" Clearly, the Bench Ruling is necessary for this appeal. Moreover, the Court has already ordered Appellant to provide the Court with this transcript, (ECF No. 15), and Appellant has failed to do so. It appears Appellant's only argument that it need not provide the Court with this transcript is that it is "part of the record[,] and the notion that [Appellee's counsel] does not know what the appeal is about is a total lie; it is about Judge Winfield's arbitrary and capricious decision to dismiss the appeal with prejudice." (ECF No. 27 at 4). But this transcript is not "part of the record" in any way that the Court is able to access, and whether or not Appellee knows "what the appeal is about," the Court cannot decide whether the Bankruptcy Court acted correctly without

4

knowing what it did below. Therefore, it appears Appellant has violated the Federal Rules of Bankruptcy Procedure, so the Court must consider whether dismissal is warranted.

The first factor, the party's responsibility, does not weigh in favor of dismissal, because it is not clear that Appellant, rather than Appellant's attorney, is at fault for not providing the transcript. The second factor, prejudice to Appellee, weighs in favor of dismissal, because this appeal is over two years old and Appellant's failure to take this basic step to begin review has forced Appellee to litigate a motion to dismiss the appeal twice already. The third factor, a history of dilatoriness, weighs in favor of dismissal, because, as described above, Appellant failed to produce the transcript both at the outset of the appeal and after the Court ordered it to do so. In addition, Appellant has missed several deadlines to file its brief, and sought several extensions of time in this case. The fourth factor weighs in favor of dismissal because the Court has already told Appellant it is obligated to provide the transcript, (ECF No. 15), yet Appellant has continued to fail to provide it, which suggests this failure is willful. The fifth factor weighs in favor of dismissal because this Court has already dismissed the appeal once without prejudice, and even that action did not prompt Appellant to provide the transcript; thus, lesser sanctions have already proven ineffective. Finally, the sixth factor is neutral, because without the transcript, the Court is not in a position to opine as to whether the appeal is meritorious or not.

Because four of the six factors weigh in favor of dismissal, and the other two factors are neutral, on balance, the Court finds that dismissal is appropriate. However, because dismissal with prejudice is such an "extreme" sanction, Richardson, 189 F. App'x at 98, and because the Court has not had occasion to address the merits of this appeal, the Court will dismiss the appeal without prejudice.

**B.     Costs**

Because the Court is not able to pass on the merits of the instant appeal without the Bench Ruling transcript, the Court is not able at this time to decide whether Appellant's counsel, in bringing this appeal or the underlying adversary proceeding, has unreasonably or vexatiously multiplied proceedings at an increased cost to Appellee.  See In re Prosser, 777 F.3d at 162. Therefore, the motion under 28 U.S.C. § 1927 is denied without prejudice.

**V.     CONCLUSION**

For the foregoing reasons, Appellee's motion to dismiss (ECF No. 25) is **GRANTED**; the motion for sanctions is **DENIED** without prejudice; and the appeal is **DISMISSED** without prejudice.

Appellant is granted sixty (60) days from the date of this Opinion to provide the Court with a transcript of the Bench Ruling, and to file an amended brief specifically addressing why the Bench Ruling was made in error.  Failure to do so will result in the instant appeal being dismissed with prejudice.

An appropriate Order accompanies this Opinion.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

Dated:   Jan 30, 2017

6